### PARDI v. CONDE.

(City Court of New York, General Term. January 18, 1899.)

ANSWER—VERIFICATION BY ATTORNEY.

    Under Code, § 525, subd. 3, providing that, where a party is not within the county where his attorney resides, the verification of a pleading may be made by the attorney, an answer in an action for slander, so verified, denying on information and belief the allegations of the complaint, is not sham.

Appeal from special term.

Action by John Pardi against Swits Conde for slander. From the order striking out the answer, defendant appeals. Reversed.

Argued before O'DWYER and OLCOTT, JJ.

Carter, Hughes & Dwight (Thomas H. Rothwell, of counsel), for appellant.

Palmieri & Nock, for respondent.

OLCOTT, J. This is an appeal by defendant from an order entered herein striking out defendant's answer as sham and frivolous, refusing a reargument of the motion, and granting defendant leave to serve an amended answer within three days on payment of costs. This is an action for slander. The part of the answer against which the motion was directed is as follows: "The defendant above named, for answer to the complaint of the defendant herein, on information and belief denies each and every allegation in said complaint." The answer is verified by defendant's attorney in accordance with the provisions of subdivision 3 of section 525 of the Code that, where a party is not within the county where his attorney resides, the verification may be made by the attorney. The objection to the answer is based on the fact that it is upon information and belief. But an answer in the case like the

present, when verified by the attorney, must necessarily be upon information and belief. Although the pleading is required to be framed as if it were the language of the party pleading, yet it is to be treated for all purposes, including a criminal prosecution, as the language of the person verifying. Code, § 524. If the defendant had himself verified the answer, he would not be allowed to say that he had no knowledge or information as to whether he spoke the alleged slanderous words. He must either deny the speaking, or admit and justify it. But when the defendant is absent, and unable to verify the pleading, the case is entirely different. The Code provides that in that event the verification may be made on information and belief by the attorney, and, if it is, the pleading must state that it is so made. The form is, "And as to the matters therein stated to be alleged on information and belief he believes it to be true." Unless the attorney was himself present when the actionable words are alleged to have been spoken, he could not verify this answer on knowledge, without being guilty of perjury. His information may be full, positive, and convincing, yet it is only information, and could not amount to knowledge, or justify a verification on knowledge. The defendant's attorney, having stated the sources of his information, and the grounds of his belief, has complied with every rule of the Code relating to the verification of pleadings. This answer is as positive a denial as an attorney can possibly make, so that to hold that it is sham or frivolous is equivalent to holding that in this class of cases an answer can never be verified by the attorney, or, in effect, to nullify that provision of the Code allowing such verification.

The order appealed from must be reversed, with $10 costs and disbursements. All concur.